THIS OPINION
 HAS NO PRECEDENTIAL VALUE.  IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN
 ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.
THE STATE OF SOUTH CAROLINA
In The Court of Appeals

 
 
 
 Jasmine Hudson, Appellant,
 
 
 

v.

 
 
 
 South Carolina Department
 of Corrections, Respondent.
 
 
 

Appeal from the Administrative Law Court
 Carolyn C. Matthews, Administrative Law
Court Judge

Unpublished Opinion No. 2012-UP-161
 Submitted February 1, 2012  Filed March
7, 2012

AFFIRMED

 
 
 
 Jasmine Hudson, pro se.
 Christopher D. Florian, of Columbia, for
 Respondent.
 
 
 

PER CURIAM: Jasmine
 Hudson appeals the Administrative Law Court's (ALC) order, which affirmed the South Carolina Department
 of Corrections's (the Department) decision finding Hudson guilty of assault
 and/or battery of an inmate with means and/or intent to kill or injure.  On
 appeal, Hudson argues the ALC erred in finding (1) the Department's disciplinary
 proceedings did not violate his due process rights and (2) substantial evidence
 existed for the hearing officer to find Hudson guilty as charged.  We affirm.[1]
1.  We find Hudson's
 arguments regarding the Department's holding of a second hearing on his charge
 after the first hearing failed to result in a verdict are without merit and not
 preserved for our review.  Hudson's argument that the Department violated its
 disciplinary policies by failing to present additional evidence at the second
 hearing is without merit.  The policy cited by Hudson specifically states that
 it only applies "if the disciplinary conviction was overturned due to
 insufficient evidence."  Hudson's first hearing failed to result in a
 verdict due to a procedural error, not insufficient evidence.  Additionally, to
 the extent Hudson's argument can be read to encompass other grounds for
 challenging the second hearing held by the Department, such arguments are not
 preserved for our review.  Hudson did not include other grounds for his
 challenge to the second hearing in his grievances filed with the Department. 
 Further, the ALC does not specifically address any arguments regarding the
 second hearing in its order, and it is not clear from the ALC's order that
 Hudson raised this issue to the ALC.  Accordingly, this issue is not preserved
 for review.  See Al-Shabazz v. State, 338 S.C. 354, 379, 527
 S.E.2d 742, 755 (2000) (finding issues not raised to and ruled upon by the ALC
 ordinarily are not preserved for review).    
2.   We find the ALC properly found
 substantial evidence existed for the hearing officer to find Hudson guilty.  This
 court may affirm the decision of the ALC if it is supported by substantial
 evidence.  S.C. Code Ann. § 1-23-610(B)(e) (Supp.
 2010).  "Substantial evidence is relevant evidence that, considering the
 record as a whole, a reasonable mind would accept to support an administrative
 agency's action."  Al-Shabazz, 338 S.C. at 380, 527 S.E.2d at 756.  
Here, substantial evidence
 exists to support the ALC's findings.  The Department presented evidence to
 support Hudson's disciplinary conviction for assault and/or battery of an
 inmate with means and/or intent to kill or injure.  Captain Ricky Grimes
 testified he initially identified Hudson as a suspect in the attack after the
 victim described one of the perpetrators as having gold teeth.  After observing
 Hudson's gold teeth, Captain Grimes presented the victim with a picture of
 Hudson, and the victim identified Hudson as the director of the attack.    
AFFIRMED.
WILLIAMS,
 THOMAS, and LOCKEMY, JJ., concur.
[1] We decide this case without oral argument pursuant to
 Rule 215, SCACR.